Bruckel v Town of Conesus (2022 NY Slip Op 00580)





Bruckel v Town of Conesus


2022 NY Slip Op 00580


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


1048 CA 21-00202

[*1]THOMAS BRUCKEL, PATRICIA BRUCKEL, SALLY HIRTH AND ROBERT SIRACUSA, PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
TOWN OF CONESUS, ET AL., RESPONDENTS-DEFENDANTS, AND CARL MYERS ENTERPRISES, INC., RESPONDENT-DEFENDANT-APPELLANT. (PROCEEDING NO. 1.) 
THOMAS BRUCKEL, PATRICIA BRUCKEL, SALLY HIRTH AND ROBERT SIRACUSA, PETITIONERS-PLAINTIFFS-RESPONDENTS,





WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.
KNAUF SHAW LLP, ROCHESTER (JONATHAN R. TANTILLO OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (John J. Ark, J.), entered December 23, 2020 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, annulled a building permit. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated on the law and in the exercise of discretion without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In these hybrid CPLR article 78 proceedings and actions for declaratory judgment and money damages, respondent-defendant Carl Myers Enterprises, Inc. (CME) appeals from a judgment that, inter alia, annulled a building permit obtained by CME and annulled a decision by a local planning board. The judgment is supported by a 19-page written decision drafted by counsel for petitioners-plaintiffs (petitioners), with only three minor modifications made by Supreme Court.
We agree with CME that the court erred in adopting, almost verbatim, the proposed decision drafted by petitioners' counsel as the final determination in this case (see Bright v Westmoreland County , 380 F3d 729, 731 [3d Cir 2004]). "When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial opinions" (id. ). Even assuming, arguendo, that CME could or should have objected to the court's error, we would exercise our discretion to correct that error notwithstanding CME's failure to object. We therefore vacate the judgment in its entirety and remit the matter to Supreme Court for consideration and determination of any pending issue or motion.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court